FOURNET, Chief Justice.
The Democratic Executive Committee for the Parish of East Baton Rouge met for the purpose of promulgating the results of a second primary election which was held on January 11, 1964, for the purpose of selecting nominees for the Democratic Party to participate in the general election to be held on March 3, 1964, amongst which were five candidates[1] to be certified as nominees for the office of state representative from the Parish of East Baton Rouge. While tabulating the returns made by the commissioners of the several precincts throughout the Parish, it was discovered that because of faulty adjustment, one voting machine in Precinct 26, Ward 1 had failed to register any of the 295 votes cast for the House of Representatives nominations, and although four candidates received a clear majority of votes cast, the Committee was of the opinion that of the remaining candidates who had not received a majority of the votes cast, it could not determine which of the two candidates received the higher number of votes and should be declared the nominee for the fifth member without giving consideration to the 295 unregistered votes. The Committee therefore issued its order on January 17, 1964, directing that the election held on January 11, 1964, in Precinct 26, Ward 1 be reconducted on February 1, 1964, among all ten candidates who participated in tire second primary, limited, however, to the persons who had actually voted in the second primary. Whereupon I. P. (Pat) Collier brought this suit seeking: (1) an injunction to the so-called rerun election set for February 1st and (2) a mandamus directing the Committee to certify him together with the four other persons who had received a clear majority, as nominees for office in tire Plouse of Representatives for the Parish of East Baton Rouge.
Joseph F. Keogh excepted to the jurisdiction of the court and also filed exceptions of prematurity, misjoinder of parties and no cause of action and an answer, claiming he was entitled to be named the nominee. The trial judge referred all exceptions to the merits, and after due hearing, rendered judgment as prayed for by the relator, which was reversed on appeal to the Court of Appeal, First Circuit; the court further ordered the Democratic Executive Committee for the Parish of East Baton Rouge to conduct the election pre *78 viously ordered. The matter is now before us for review on a writ of certiorari granted by this court on the application of Collier.
Inasmuch as the exigencies of the situation require prompt action, we herewith hand down our decree in this matter, for the reasons to be hereafter assigned. The judgments of the district court and the Court of Appeal are annulled and set aside; and it is now ordered, adjudged, and decreed that the Democratic Executive Committee for the Parish of East Baton Rouge and the members thereof, Arthur Abadie, John Allphin, Jr., Lucius J. Andrews, Delmar J. Babin, George B. Benton, Jr., Robert P. Breazeale, Kerney “Buck” Cannon, William H. Dickerson, J. Russell Doiron, Sr., LeRoy Fleming, Arnold J. Gibbs, H. A. Kuhlmann, Jr., William G. Webster, and Thompson A. Cannon, are hereby enjoined and prohibited from conducting the proposed election to be held February 1, 1964, in Precinct 26, Ward 1, East Baton Rouge Parish, as proposed by the resolution of the Committee dated January 17, 1964; and it is further ordered that, because of the faulty adjustment of the voting machine it was not possible to determine which of the two received the higher number of votes cast, the Committee select as the fifth nominee either Keogh or Collier, to be certified with the other four who received a majority of the votes cast in the second primary held on January 11, 1964, all in accordance with R.S. 18:358. Costs to be borne equally by relator Collier and respondent Keogh.
SANDERS, J., concurs in part and dissents in part with written reasons.
HAMITER, J., concurs in part and dissents in part for the written reasons assigned by SANDERS, J.
HAMLIN, J., dissents, being of the opinion that, under the exceptional facts and circumstances in this case, the judgment of the Court of Appeal is correct.

. East Baton Rouge Parish is entitled to six representatives in the House of Representatives under the law of this state; one nominee had received a majority of votes cast in the first primary and had already been certified by the Committee.