LEMMON, Judge.
This is an election contest.
On March 24, 1973 the Democratic Executive Committee of the City of Gretna held a primary election for municipal offices, including five positions as members of the Board of Aldermen. Since only two candidates for alderman received a majority of the votes cast in the first primary election, the Committee held a second primary election for the other three positions pursuant to R.S.18:358 A on May 5, 1973. After the votes were tabulated, the Committee on May 10, 1973 certified and promulgated the results of the election and declared the three candidates who received the highest number of votes to be the nominees of the Democratic Party for the positions. As thus certified and promulgated, the results were:
Louis A. LeBoeuf, Jr. 2,596
Hubert Felix Uzee 2,402
James G. (Chick) Bush, Sr. 2,383
James K. Gaudet 2,368
William J. Scheffler, III 2,300
Edwin P. Romain 1,507
James K. Gaudet, who received the fourth highest number of votes in the second primary election, filed this suit to annul the election based on voting machine irregularities. The Committee filed exceptions of improper use of summary proceedings, improper joinder of parties, no cause of action, and no right of action as well as *558 an answer to the petition. After a trial on the merits, the district court decreed the promulgation of the election results to be null and void as to the second, third, fourth and fifth ranking candidates and ordered the Committee to hold another election for the two offices as expeditiously as possible.[1] The Committee appealed.
INTERVENTION OF WILLIAM A. SCHEFFLER, III
The contest filed by Gaudet was tried on May 15, 1973, and judgment was rendered within 24 hours. On May 16, 1973, after trial but prior to judgment, William A. Scheffler, III filed an “Amicus Curiae Memorandum”, stating that as the fifth ranking candidate in the second primary election, he would be affected by the court’s decision if the relief sought by Gaudet was granted.
The district court’s judgment in effect granted Scheffler the right to participate anew in the court-ordered election, although he was an unsuccessful candíate who did not contest the second primary election. We believe this result to be contrary to R.S. 18:364 B and E. Paragraph B of that statute grants any candidate claiming fraud or irregularity the right to contest the election by filing a petition in the district court. Paragraph E provides that “No contest shall be entertained unless brought within two days after the official promulgation of the result of the election.”
Although Scheffler filed a “Petition In Intervention” in this court on May 22, 1973, he did not follow the statutory procedure for contesting an election. Consequently, he cannot receive any benefits from a contest instituted by another candidate, and his petition of intervention must be dismissed. It therefore follows that the second ranking candidate, Hubert Felix Uzee, is a Democratic nominee for Alderman, since the resolution of the Committee declaring him to be a nominee has not been contested and is no longer subject to challenge.
MERITS
The tabulation showed that Gaudet received only 15 votes less than the next highest ranking candidate, James G. Bush, Sr. Gaudet successfully proved that nine of the 25 voting machines malfunctioned in that the total votes cast on each disputed machine were not divisible by three [2]; that the total discrepancy in votes was at least 16 and possibly 125 [3]; and that the election results could have been changed by a minimum of 16 votes for Gaudet.
Nevertheless, Gaudet is not entitled to any of the remedies he seeks in this suit. The court can neither annul the election, order a runoff election called between him and Bush, or declare.him to be a nominee.
R.S. 18:358 provides the procedure to be followed in second primary elections and the procedure for selecting a nominee in certain unusual situations, such as a tie vote or the death or disqualification of a candidate. R.S. 18:358, subd. E further provides:
“There shall be no third primary. For any situation not especially provided for herein the committee calling the election shall provide for the selection of á nominee or nominees from the candidates.”
In a case similar to the present one, the Supreme Court held that the Committee has a duty of providing for the selection of a nominee when a voting machine malfunction renders it impossible to determine which of several candidates has the highest number of votes in a second primary election. In Collier v. Democratic Executive Committee, 245 La. 773, 161 So.2d 76 *559 (1964) a voting machine in one precinct failed to register any of the votes cast for five positions in the Louisiana House of Representatives. Since the number of votes cast on that machine was sufficient to alter the vote between the fifth and sixth ranking candidates, the Committee ordered that the election be reconducted in the one precinct among all ten candidates, limited to the persons who actually voted in the second primary.
The Supreme Court enjoined the Committee from conducting the proposed election and ordered the Committee to select the fifth nominee from either the fifth or sixth ranking candidate in the second primary election. Two members of the court concurred in the view that the Committee was vested under the circumstances with the duty of selecting a nominee from the candidates, but dissented in part on the basis that the recasting of votes ordered by the Committee in a single precinct did not constitute a third primary prohibited by law and that the court should not interfere with this method selected by the Committee in discharge of its responsibility of selecting a nominee. Another member of the court dissented, agreeing with the Court of Appeal decision that the Committee had not abused its discretion in issuing its order. Therefore, although divided on the issue of whether or not the proposed election constituted a third primary, the court was unanimous in the view that the Committee has the duty of providing for the selection of a nominee under the particular circumstances.
As in the Collier case, the duty of providing for the selection of the nominee evolved upon the Committee under the circumstances of the present case. When the Committee met to promulgate the election returns, Gaudet made an appearance and voiced his objection to the voting machine tabulations. The Committee then voted to promulgate the election returns and to declare the three highest ranking candidates as nominees on the basis of these returns. In effect, the Committee overruled Gau-det’s objection to the voting machine tabulations and ruled that the circumstances presented by Gaudet did not give rise to the need to provide for a selection of a nominee.[4]
The district court thereafter found that the malfunction of the voting machines rendered it impossible to determine accurately whether Bush or Gaudet received the higher number of votes cast. In order to have the will of the voting public expressed, the court ordered another election. The effect of this order was to provide for the selection of a nominee. However, this duty was not assigned by the Legislature to the Judiciary, but rather to the Committee, and the judgment of the district court must be annulled and set aside.
Accordingly, the judgment of the district court is annulled and set aside, and it is now ordered that the Democratic Executive Committee of the City of Gretna provide for the selection of either James G. Bush, Sr. or James K. Gaudet as the third nominee for the office of alderman, pursuant to R.S. 18:358, subd. E and certify that selection with the other two nominees, Louis A. LeBoeuf, Jr. and Hubert Felix Uzee. Each party is to bear his own costs.
Annulled and set aside.
BOUTALL, J., concurs in part and dissents in part with written reasons.
FLEMING, J., concurs in part and dissents in part with written reasons.

. The general election is scheduled for June 12, 1973.

. See R.S. 18:351.

.If all electors had voted for exactly three aldermen, then 125 votes were not recorded.

. We believe that simply declaring a candidate to be a nominee because he received the highest number of votes is different from concluding that it is impossible to determine who received the highest number of votes and therefore providing for the selection of a nominee. However, see Cloud v. Democratic Executive Committee, 206 So.2d 160 (La.App. 3rd Cir. 1968).