BOUTALL, Judge
(concurring in part and dissenting in part).
On this appeal we are faced with the same basic factual situation considered in the case of Collier v. Democratic Executive Committee, 245 La. 773, 161 So.2d 76 (1964), to-wit:
Because of the failure of certain voting machines to register votes properly, it is impossible to determine which of two candidates received the highest number of votes for a position as member of the Board of Aldermen for the City of Gretna. We are bound by the decision in that case, and therefore, I concur with the overruling of the trial court’s decision.
However, I dissent from the result reached ordering the Democratic Executive Committee of the City of Gretna to provide for the selection of a third nominee. This is an election contest suit contesting the promulgation of the results of a second primary election and the certification of three candidates for Aldermen therein. Petitioner seeks to have the second primary election declared null and void, or in the alternative to declare him to be one of the Democratic nominees, or in the further alternative to have a run-off election held between himself and the next highest ranking candidate. The respondents in their answer pray for judgment recognizing the promulgation of the returns and the certification of the three highest candidates. The trial court held that the promulgation of the results was null and void insofar as four candidates were concerned and ordered the Democratic Executive Committee to hold another second primary election for the election of two Aldermen positions. The Democratic Committeemen and the adversely affected candidates have prosecuted this appeal.
As I perc'eive the procedural situation, we have before us first the question of the correctness of the trial court’s judgment, and, since we have set that aside, we are then faced with the issue of deciding upon the correctness of the actions of the Democratic Executive Committee. The majority opinion would disregard the action of the Committee, its decision to certify the three candidates, its defense of its decision and appeal from an adverse judgment, not on the basis of the correctness of its actions, but on the basis that it perhaps did not know what the law required.
The result reached is in direct conflict with the holding in the case of Cloud v. Democratic Executive Committee, 206 So.2d 160 (La.App. 3rd Cir. 1968). As a matter of fact, the present case is even stronger factually for such a result, because in this case the petitioner appeared before the Democratic Committee and protested the promulgation of the returns, and after hearing his protest, the Committee promulgated the returns and certified the three highest candidates. It appears that the Committee has thus considered petitioner’s plea for certification and has refused it both at th‘é Committee meeting and during the course of this trial. As long as we contend that legally there can be no further resort to an election by the people, and we then find as a fact that no one can tell who would be the beneficiary of the improper votes, I do not see how we can overturn the action of the Committee in declaring the candidate who received the highest number of votes to be the Democratic nominee.
The general election is June 12, 1973, and as in most election cases, the matter of time is of utmost importance. We have at the present time before us the issue of the validity of the action of the Democratic Executive Committee, and we should rule upon it, rather than order the Committee to take further action, which, if subject to judicial review, could never be decided timely.